# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 27, 2024

Lyle W. Cayce
Clerk

No. 23-30729
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DARRYL SHIELDS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-398-7

Before WIENER, HO, and RAMIREZ, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Darryl Shields, federal prisoner # 31674-034, appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. Shields is currently serving four concurrent life sentences for one count of conspiracy to commit violations of the Racketeer Influenced and Corrupt Organizations Act, one count of conspiracy to

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

distribute 280 grams or more of cocaine base, and two counts of murder in aid of racketeering. In his motion, Shields contended that the following circumstances constituted extraordinary and compelling circumstances for his release: his young age at the time of his offenses, his rehabilitation in prison, the disparity between his sentence and those of his codefendants, and his upbringing. He presently claims that the district court abused its discretion by only considering whether the foregoing circumstances individually constituted extraordinary and compelling circumstances.

Shields's contention is unavailing. While Shields mentions his youth, rehabilitation, sentencing disparity, and upbringing in his briefs, he does so to claim that the district court should have considered those factors "in combination" when assessing whether he demonstrated extraordinary and compelling circumstances. We find that his scant mentioning of those factors in his opening brief in that context does not suffice to meaningfully challenge—much less show any abuse of discretion in—the district court's conclusion that they did not constitute extraordinary and compelling circumstances. *See United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010); *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). And at the outset of its dispositive order, the district court stated that it had "considered [Shields's] motion and legal memorandum, the record, and the applicable law." All of Shields's statements concerning his circumstances were before the district court, and the district court's order reflects that it considered these factors before it denied his motion. While we recognize that the district court's order does not expressly state that it considered the *combination* of factors when it denied Shields relief, this alone does not establish that the court based its decision on an error of law or a clearly erroneous assessment of the evidence. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

No. 23-30729

The caselaw Shields additionally cites, wherein courts have held that a district court may consider nonretroactive changes in sentencing laws in combination with other factors to determine whether extraordinary and compelling reasons exist, is inapposite.

We therefore conclude that Shields has not demonstrated that the district court abused its discretion in denying his motion. *See id.*

AFFIRMED.